USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Harina BAMBA,

Petitioner,

-against-

LaDeon FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; David VENTURELLA, in his official capacity as Acting Director U.S. Immigration and Customs Enforcement; Markwayne MULLIN in his official capacity as Secretary of Homeland Security; Todd BLANCE, in her official capacity as Attorney General; U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement,

Respondents.

26 Civ. 8232 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet., ECF No. 1. The Court ORDERS as follows:

1. By **September 24, 2026**, the government shall confirm that Petitioner remains detained within this District or the Eastern District of New York in compliance with the Court's administrative stay order.
2. By **September 24, 2026,** the government shall file a letter with the following information:
    a. The statutory provision(s) under which the government asserts the authority to detain Petitioner;
    b. Whether, if Petitioner is not subject to a final order of removal, there is any basis to distinguish this case from *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), such that Petitioner is not detained pursuant to 8 U.S.C. § 1226(a);
    c. Whether, if Petitioner is not subject to a final order of removal and the government states that the basis for detention is 8 U.S.C. § 1226(c)(1)(E), there is any basis to distinguish this case from *Urbano v. Genalo*, 26 Civ. 1466 (AT), 2026 WL 867130 (S.D.N.Y. Mar. 29, 2026); *H.A. v. Genalo*, 26 Civ. 2706 (AT), 2026 WL 1159512 (S.D.N.Y. Apr. 28, 2026); or *Peralta-Malla v. Mullin*, 26 Civ. 2903 (AT), 2026 WL 1346325 (S.D.N.Y. May 14, 2026);

d. Whether, if Petitioner is subject to a final order of removal, there is any basis to distinguish this case from *Liu v. Genalo*, No. 26 Civ. 3720 (AT), 2026 WL 1383370 (S.D.N.Y. May 14, 2026);

e. Whether, if there is a final order of removal, Respondents currently possess travel documents for Petitioner to effect his removal;

f. Whether, if there is no basis to distinguish the aforementioned cases, the government consents to issuance of the writ and/or waives the right to answer, subject to preservation of the government's arguments for appeal;

g. Any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings; and

3. By **September 28, 2026,** the government shall file an answer to the petition.

4. By **October 1, 2026**, Petitioner shall file a reply, if any.

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

SO ORDERED.

Dated: September 22, 2026
New York, New York

ANALISA TORRES
United States District Judge