USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 10/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Bamba Harina,

Petitioner,

-against-

LaDeon Francis, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; David Venturella, in his official capacity as Acting Director U.S. Immigration and Customs Enforcement; Markwayne Mullin in his official capacity as Secretary of Homeland Security; Todd Blanche, in her official capacity as Attorney General; U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement,

Respondents.

26 Civ. 8232 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Petitioner, Harina Bamba,[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). *See generally* Am. Pet., ECF No. 14. Bamba has been subject to a withholding of removal since 2013 and contends that his detention violates his Fourth and Fifth Amendment rights under the Constitution, the Immigration and Nationality Act, and the Administrative Procedure Act. *Id.* ¶ 11. He seeks immediate release. *Id.* ¶¶ 5, 14. Additionally, Bamba seeks release on bail pending the resolution of this petition under *Mapp v. Reno*, 241 F.3d 221 (2d. Cir. 2001). Mot. for Release, at 1, ECF No. 12. For the reasons stated below, the motion for release under *Mapp v. Reno* is GRANTED.

[1] Despite the fact that Petitioner stylized his name as Bamba Harina in the caption of his amended petition, *see* Am. Pet., ECF No. 14, his first name is Harina and his last name is Bamba, *see id.* ¶ 1.

## BACKGROUND

Bamba is a native of Côte d'Ivoire who was admitted to the United States, allegedly using a passport and non-immigrant visa bearing a different name, on or about September 1, 2008. *See* Opp. at 2, ECF No. 18; Vera Decl., ¶ 4, ECF No. 16. On January 16, 2009, Petitioner filed an application for asylum and withholding of removal, and an immigration judge granted withholding of removal to Côte d'Ivoire in July 2013. *See* Opp. at 3; Am. Pet. ¶ 31. At that time, the immigration judge designated Mali as an alternative country of removal. Opp. at 3; Am. Pet. ¶ 31.

Since this order was issued over a decade ago, Bamba has lived in Manhattan with his U.S. citizen wife, Aminata Fanny, and their six children. Am. Pet. ¶¶ 32–33. Bamba has a valid work authorization and an approved I-130 petition through his wife. *Id.* ¶¶ 3-5. Because of Bamba's detention, Fanny is now the sole caretaker of their children, one of whom is approximately two months old. *Id.* ¶¶ 4, 39. Fanny suffers from multiple medical conditions that require treatment at Mount Sinai Hospital, including depression and psychosis. *Id.* ¶ 32; *see* Letter, ECF No. 12-1, at 2 (letter from Dr. Benjamin Ogedegbe). In 2024, she suffered from an episode of psychosis that led to repeated hospitalization. *See* Letter at 2. Since then, she has been recovering well by avoiding "increased stress and decreased sleep," which are "well-known triggers" for psychosis, including by dividing childcare responsibilities with Bamba; her situation requires continued monitoring due to "risk of recurrence of psychosis." *Id.*

On the evening of September 18, 2026, Bamba received a call-in letter asking him to appear at Federal Plaza on September 22, 2026, for document review. Am. Pet. ¶¶ 34-35. When Bamba arrived with his wife and two of his children, federal officers separated them, detained Bamba, and told him that he would be deported to Ghana. *Id.* ¶¶ 4, 7, 37; Opp. at 4. According to the State Department, the Republic of Ghana has agreed to accept Bamba for third-country removal. *See* Opp. at 4; Cam Decl. ¶¶ 5–7, ECF No. 17. However, Bamba argues that his detention for removal to Ghana is

unlawful and cites evidence that removal to Ghana creates a serious risk of onward removal to Côte d'Ivoire, where an immigration judge found he is "more than likely to be persecuted." *See* Am Pet. ¶ 31; Ptr.'s Reply, at 8, ECF No. 21; Barker-Vormawor Decl. ¶¶ 7, 17–19, 27, ECF No. 21-1.

Since Bamba's detention, Fanny has been at "high risk for relapse of psychosis" due to insomnia and intense stress causing physical symptoms, including inability to lactate. *See* Letter at 1. In addition to the stress of her husband's detention, being solely responsible for childcare undermines Fanny's ability to take measures to manage psychosis triggers in accordance with her psychiatrist's recommendations. *See id.* Currently, her psychiatrist is "very concerned about her health" and believes she is "at risk for a significant downward spiral," since "this situation is exactly the type that could destabilize her." *Id.* A relapse of her psychosis may necessitate inpatient care and may have permanent effects on her mental health. *Id.*

**DISCUSSION**

I. <u>Legal Framework</u>

Under *Mapp v. Reno*, this Court may release detained individuals during the pendency of a habeas petition. *See* 241 F.3d 221, 230 (2d Cir. 2001). Such release may be granted if the petitioner "raises substantial claims" and "extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Id.* at 230 (cleaned up); *see Fulton v. Mullin*, 181 F.4th 292, 293 (2d Cir. 2026).

To establish they raise substantial claims, petitioners can point to "clear case law establishing the likelihood of success" or show that the issue is "open to question" and could be decided either way. *Salgado v. Francis*, No. 25-CV-6524, 2025 WL 2806757, at *4 (S.D.N.Y. Oct. 1, 2025) (internal quotation marks and citations omitted); *see also D'Alessandro v. Mukasey*, No. 08-914, 2009 WL 799957, at *3 (W.D.N.Y. Mar. 25, 2009), *aff'd*, No. 08-914, 2009 WL 931164 (W.D.N.Y. Apr. 2, 2009) ("Notably the Second Circuit does not require that the petitioner convince every court . . . that

he *will* succeed; rather, he need only show that his claims are 'substantial.'" (citing *Mapp*, 241 F.3d at 229)).

Courts evaluating whether extraordinary circumstances are met may consider "the petitioner's health, family, and medical needs." *Deptula v. Lynch*, No. 15 Civ. 2228, 2016 WL 98152, at *4 (M.D. Pa. Jan. 8, 2016) (citing *D'Alessandro*, 2009 WL 799957, at *3). They have found extraordinary circumstances necessitating relief when the petitioner was facing a life-threatening medical condition, *see Fulton*, 181 F.4th at 293, or when the petitioner's detention put a family member's health at serious risk, *see Martinez-Ventura v. Benzel*, No.26-CV-5983, 2026 WL 1878818, at *3 (D.N.J. June 30, 2026). Courts should also consider whether the petitioner "presents a 'risk to the community' or a flight risk.'" *Fulton*, 181 F.4th at 294.

## II. Analysis

### A. Substantial Claims

In his habeas petition, Bamba alleges that his detention violates the Fourth and Fifth Amendments to the Constitution, the Immigration and Nationality Act and implementing regulations, the Administrative Procedure Act, and the *Accardi* doctrine. *See* Am. Pet. ¶ 11.

The Department of Homeland Security ("DHS") is attempting to deport Bamba to Ghana pursuant to its third country removal policy. *See* Opp. at 4; *see also* Am. Pet. ¶¶ 13, 64–80 (citing *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 26-1212, 2026 WL 2797801 (1st Cir. Sept. 18, 2026), *cert. granted*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026) (mem.)). On February 25, 2026, the *D.V.D.* trial court set aside the DHS' third country removal policy as unlawful. *See D.V.D v. U.S. Dep't of Homeland Sec.*, 821 F. Supp. 3d 102, 165 (D. Mass 2026). This relief was subsequently affirmed by the First Circuit. *See D.V.D.*, 2026 WL 2797801, at *20. As of September 30, 2026, the

Supreme Court stayed this relief and accepted cert on the matter. *See U.S. Dep't of Homeland Sec. v. D.V.D.*, 2026 WL 2917860 (U.S. Sept. 29, 2026) (mem.).

Regardless of whether Bamba is a member of the class covered by this litigation,[2] the decisions of both the District of Massachusetts and the First Circuit that the third country removal policy is unlawful weigh in favor of finding that Bamba's claims are substantial. *See D.V.D.*, 821 F. Supp. 3d at 143–62; *D.V.D.*, 2026 WL 2797801, at *13–19. At a minimum, the validity of the third country removal policy is "a close question" and thus a substantial legal claim. *See Salgado v. Francis*, 2025 WL 2806757, at *4 (S.D.N.Y. Oct. 1, 2025) (quoting *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985)). Indeed, courts in this Circuit have recognized that when a petition's core legal question is pending on appeal, and it is therefore "as likely as it is not that [a p]etitioner's argument will become the law," the petition "set[s] forth a substantial claim for relief." *Evangelista v. Ashcroft*, 204 F. Supp. 2d 405, 407 (E.D.N.Y. 2002); *accord Salgado*, 2025 WL 2806757, at *4.

Furthermore, as Bamba had not been subject to detention or an order of supervision at the time of his detention, *see* Mot. for Release, at 2; Opp. at 3, ICE may have had no authority to detain him. *See Diallo v. Joyce*, 817 F. Supp. 3d 202, 205 (S.D.N.Y. 2025). The references to *continued* detention in 28 U.S.C. §§ 1231(a)(1)-(2) and 8 C.F.R. § 241.4, which operationalizes 28 U.S.C. § 1231(a)(6), appear to grant ICE authority to extend existing detention, not "a free-roaming right to

[2] The parties dispute the relevance of this issue to the relief requested, and the Court need not make any finding as to Bamba's membership in the *D.V.D.* class or the impact of such membership for the purpose of this motion. *Compare* Opp. at 14–15 (arguing that Rule 23 bars Bamba's claims "because [he] is a class member of *D.V.D.*"), *with* Ptr.'s Reply at 16–17 (arguing that Rule 23 imposes no such bar).

arrest and detain people any time it sees fit, even a decade after the fact." *Diallo*, 817 F. Supp. 3d at 205–06.

In sum, Bamba's arguments establish a sufficient likelihood of success to satisfy the "substantial claims" prong of the *Mapp v. Reno* analysis. *See Salgado*, 2025 WL 2806757, at *4.[3]

B. Extraordinary Circumstances

Extraordinary circumstances are met when a habeas petitioner's detention threatens the safety or wellbeing of a family member with severe health issues. *See, e.g., Martinez-Ventura*, 2026 WL 1878818 at *2 (finding that extraordinary circumstances were met because the "[p]etitioner's current detention is creating serious medical danger for her son"); *Deptula*, 2016 WL 98152, at *4 (explaining that "health, family and medical needs" are considerations in assessing extraordinary circumstances (citing *D'Alessandro*, 2009 WL 799957, at *3)). Bamba's wife, Fanny, is managing a serious mental health condition and risks hospitalization and long-term deterioration due to Bamba's detention. *See* Letter at 2. Fanny's psychiatrist specifically recommends that Bamba be released due to the imminent threat that Fanny's psychosis will recur. *See id.* Already she has faced immediate effects from Bamba's detention, including an inability to sleep, which is a significant trigger for psychosis, and an inability to lactate. *See id.* If her mental health continues to deteriorate, she may need to be placed in inpatient care and face permanent effects on her health. *See id.* Considering that as a result of Bamba's detention, Fanny is the sole caretaker for their six children, including their newborn, it is also unclear what would happen to their children if Fanny were hospitalized. *See* Am. Pet. ¶¶ 4, 39; Mot. for Release, at 3–4.

In light of Fanny's psychiatric history and the symptoms already caused by Bamba's detention, it is evident that his detention implicates a serious health risk. "Petitioner's current

---

[3] The Court need not reach Bamba's other claims, such as a lack of process under *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976), to find that the requisite standard has been met.

detention is creating serious medical danger for [his wife.]" *See Martinez-Ventura*, 2026 WL 1878818 at *3.

Additionally, "the Government has not even suggested that he presents a 'risk to the community' or a 'flight risk,'" further strengthening the case for release. *Fulton*, 181 F.4th at 294 (citation omitted). *See generally* Opp. Because of the extraordinary risk to Bamba's family if he continues to be held in custody, Bamba must be released during the pendency of proceedings for the habeas remedy to be effective.

**CONCLUSION**

For the reasons stated above, Petitioner's motion for release pending adjudication of his habeas petition is GRANTED. The Department of Justice and the Warden of the Brooklyn Metropolitan Detention Center are ORDERED to immediately release Petitioner, Harina Bamba pending the Court's resolution of his habeas petition.

The Government must confirm to the Court, through a filing on ECF, not later than 11:59 P.M. on October 9, 2026, that Petitioner has been released from custody.

SO ORDERED.

Dated: October 6, 2026
New York, New York

ANALISA TORRES
United States District Judge